United States District Court
Southern District of Texas
**ENTERED**
November 07, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINTON V. LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-1422 |
| | § | |
| COMFORT SYSTEMS USA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Document No. 21). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

## I. BACKGROUND

This is an employment case. Plaintiff Quinton V. Lee ("Lee") is a former employee of Defendant Comfort Systems USA, Inc. ("CSU"). On May 13, 2013, Lee alleges he began working for CSU as a Senior Controls Engineer. On February 23, 2017, Lee was allegedly forced to resign from CSU. During Lee's employment at CSU, Lee alleges CSU engaged in unlawful discrimination and retaliation. Lee further alleges CSU's unlawful conduct forced Lee to resign.

Based on the foregoing, on May 3, 2018, Lee filed this lawsuit against CSU. Lee asserts claims for discrimination under Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"), and the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 *et seq.* (the "TCHRA"). Lee further asserts a claim for retaliation under the ADA. On October 1, 2019, CSU moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant must present the basis for the motion and the elements of the causes of action upon which the nonmovant is unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to identify specific facts demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A dispute of "material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmovant's bare allegations, standing alone, are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmovant cannot rest on his allegations to get to a jury without any significant probative evidence tending to support those allegations. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmovant, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. It is not the function of the Court to search the record on the nonmovant's behalf. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, while the Court views "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmovant, the nonmoving party . . . must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

## III. LAW & ANALYSIS

CSU moves for summary judgment as to all of Lee's claims.[1] The Court addresses in turn the claims for: (1) discriminatory compensation under Title VII

---

[1] CSU objects to Attachments A and B to Lee's Exhibit 1 and Lee's Exhibit 9 (the "Witness Statements"), offered by Lee in opposing summary judgment, on the basis that the Witness Statements are not competent summary judgment evidence. Statements that are not sworn or declared to be true under penalty of perjury are not competent summary judgment evidence. *Watts v. Kroger Co.*, 170 F.3d 505, 508 (5th Cir. 1999). The Witness

and the TCHRA; and (2) discriminatory failure to promote under Title VII and the TCHRA, discrimination under USERRA, disability-related discrimination under the ADA and the TCHRA, and retaliation under the ADA.[2]

A.     *Discriminatory Compensation*

CSU moves for summary judgment as to the claim for discriminatory compensation under Title VII and the TCHRA, contending Lee fails to establish he was paid less than a similarly-situated employee outside the protected class. To establish a *prima facie* case of discriminatory compensation, a plaintiff must show: (1) he belongs to a protected class; and (2) he was paid less than a similarly-situated employee outside the protected class. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008). Employees are similarly situated if, *inter alia*, "they 'held the same job or responsibilities[] and shared the same supervisor[.]' " *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 244 (5th Cir. 2019) (quoting *Lee v. Kan. City. S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009)). The circumstances of employees' employment must be "nearly identical" for employees to be similarly

---

Statements are not sworn or declared to be true under penalty of perjury. The Court therefore sustains CSU's evidentiary objection as to the Witness Statements and does not consider the Witness Statements.

[2] The Court refers to the claims for discriminatory failure to promote under Title VII and the TCHRA, discrimination under USERRA, disability-related discrimination under the ADA and the TCHRA, and retaliation under the ADA, collectively, as the "Remaining Claims."

situated. *Id.* (quoting *Lee*, 574 F.3d at 259–60). "Employees with different supervisors, who work for different divisions of a company . . . generally will not be deemed similarly situated." *Lee*, 574 F.3d at 259. Assuming, without deciding, Lee belongs to a protected class, the Court turns to whether Lee was paid less than a similarly-situated employee outside the protected class.[3]

Lee identifies Patrick McCoy ("McCoy") and Jonathan Monticone ("Monticone") as alleged similarly-situated employees. As to McCoy, CSU cites to evidence showing McCoy had two periods of employment at CSU, performed supervisory responsibilities, did not work at Lee's location, and did not report to Lee's supervisor.[4] As to Monticone, CSU cites to evidence showing Monticone had a longer tenure at CSU than Lee, did not work at Lee's location, and did not report

---

[3] CSU objects to evidence concerning Herbert Washington (the "Washington Evidence"), offered by Lee in opposing summary judgment, on the basis that the Washington Evidence is not proper comparator evidence. A plaintiff asserting a disparate treatment theory of discriminatory compensation must "must present *prima facie* evidence that his pay was lower than *specific* employees who are not members of the protected class" as proper comparator evidence. *Taylor*, 554 F.3d at 523. Lee asserts a disparate treatment theory of discriminatory compensation. *Complaint*, Document No. 1, ¶¶ 18, 20. Lee alleges Herbert Washington is a member of Lee's protected class. The Washington Evidence is therefore not proper comparator evidence. The Court therefore sustains CSU's evidentiary objection as to the Washington Evidence and does not consider the Washington Evidence.

[4] *Defendant's Motion for Summary Judgment*, Document No. 21, Exhibit 6 at 69–70, 72, 110 (*Deposition of Ron Gavranovic*).

to Lee's supervisor.[5] Lee does not dispute McCoy had two periods of employment at CSU and performed supervisory responsibilities. Lee does not dispute Monticone had a longer tenure at CSU than Lee. Further, Lee does not dispute neither McCoy nor Monticone worked at Lee's location or reported to Lee's supervisor. Lee does not cite to evidence showing McCoy's or Monticone's circumstances of employment were nearly identical to Lee's circumstances of employment. The Court finds Lee fails to show McCoy or Monticone is similarly situated. The Court therefore finds the claim for discriminatory compensation under Title VII and the TCHRA fails as a matter of law. Accordingly, the motion for summary judgment is granted as to the claim for discriminatory compensation under Title VII and the TCHRA.[6]

B.  *The Remaining Claims*

CSU moves for summary judgment as to the Remaining Claims. Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied as to the Remaining Claims. Accordingly, the motion for summary judgment is denied as to the Remaining Claims.

---

[5] *Defendant's Reply in Support of Defendant's Motion for Summary Judgment*, Document No. 23, Exhibit 3 at 105 (*Deposition of Ron Gavranovic*), Exhibit 6 (*Monticone Personnel Forms*).

[6] CSU further contends summary judgment is proper as to the claim for discriminatory compensation because Lee did not exhaust administrative remedies. In light of the Court's holding, the Court need not address this contention.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion for Summary Judgment (Document No. 21) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to the claim for discriminatory compensation under Title VII and the TCHRA. The motion is denied as to all other claims. The Court further

**ORDERS** that all objections to evidence raised in Defendant's Reply in Support of Defendant's Motion for Summary Judgment (Document No. 23) are **SUSTAINED**.

SIGNED at Houston, Texas, on this __7__ day of November, 2019.

DAVID HITTNER
United States District Judge